HARRY C. HALLENBECK, PLAINTIFF BELOW AND DE-
FENDANT IN ERROR, v. DAVID B. R. CHAPMAN,
DEFENDANT BELOW AND PLAINTIFF IN ERROR.

Submitted March 27, 1905—Decided December 6, 1905.

It is not competent to alter the terms of a written lease under seal, which purports to contain the whole agreement between the parties, and which contains no provision relating to repairs to be made upon the demised premises during the term, by oral testimony that, at the time of its execution, there was delivered with it an unsigned paper containing a list of repairs to be made upon the premises, and that, at the same time, the parties to the lease verbally agreed that this paper should be a part of the lease itself, and further verbally agreed that the repairs specified in it should be made by the landlord, and that this further verbal agreement should also be a part of the lease.

---

On error to the Supreme Court. For opinion of that court, see 42 *Vroom* 477.

For the plaintiff in error, *Hugh B. Reed.*

For the defendant in error, *Edwin G. Adams.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This suit was originally brought in the First District Court of Newark to recover rent due under a written lease, signed and sealed by both of the parties. The lease was for a term of three years, commencing May 1st, 1903, and was for the premises known as No. 178 Orange road, Montclair. The rent sued for was for the months of March and April, 1904. On the trial in the District Court it was shown that the defendant had paid the rent up to March, 1904, and that the rent for that month, and also the following month, had not been paid. The defendant offered to prove as a defence that at the time of the execution and delivery of the lease it was agreed between himself and the plaintiff that it should not take effect until after certain repairs to the premises, set out in an unsigned typewritten memorandum, should be made by the plaintiff, and that such repairs had not been made by him. He also offered to prove that this typewritten memorandum was delivered with and as a part of the lease itself. Both of these offers were overruled and judgment went for the plaintiff.

On appeal to the Supreme Court the judgment of the District Court was affirmed. The judgment of affirmance is now before us for review. The assignments of error are—*first*, "because the court sustained the action of the District Court, from which the appeal was taken, in refusing to permit testimony to show that the lease upon which suit was brought had been altered after execution to be introduced;" *second*, "because the court sustained the action of the District Court in refusing to permit evidence to show that the lease there offered in evidence was not the complete lease as executed between the parties thereto;" and *third*, "because the said court sustained the action of the District Court in refusing to admit competent evidence in that court."

The first ground of attack has no justification in fact. The record discloses no offer to show an alteration of the lease after execution, nor any ruling upon such offer.

The third ground of attack is considered by plaintiff in

error to challenge the ruling of the District Court excluding the offer to show that the lease had been made to take effect upon a condition which had not been performed. Passing the question whether so general an assignment of error is sufficient, we think the ruling was proper; for the conduct of the defendant, in entering into possession of the demised premises, under the lease, and paying rent thereunder for a period of ten months, must be held to have been a waiver of the condition, in the absence of any evidence which would justify a contrary conclusion.

The principal contention made before us is that it was error to overrule the offer of the defendant to show that the typewritten, unsigned memorandum of repairs to be made on the demised premises was delivered with and as a part of the lease between the parties. The typewritten paper is entitled "Memorandum of repairs to be made at No. 178 Orange road." Immediately after this title is a list of the repairs, and, at the end of that list, is this sentence, "To be attached to lease between H. C. Hallenbeck and B. R. Chapman." Nothing else is contained in the paper. It is to be observed that the party who is to make the repairs is not pointed out by this document, and that, strictly speaking, the offered proof constituted no defence because it did not include evidence to show that the repairs were to be made by the plaintiff. Both the trial court and the Supreme Court, however, dealt with this phase of the case as if the offer was to show that at the time of the execution and delivery of the lease the plaintiff agreed to make the repairs specified in the memorandum, and we have taken the same course.

The sealed instrument contains no covenant with relation to the making of these repairs. In fact the lease contains no reference at all to repairs, with the exception of the usual clause that the tenant shall keep the demised premises in as good repair as they were at the commencement of the term. The question to be considered, then, is whether it is competent to vary the terms of a lease under seal, which purports to contain the whole agreement between the parties, by oral

testimony, that at the time of its execution there was delivered with it an unsigned paper containing a list of the repairs to be made to the demised premises, and that at the same time the parties to the lease verbally agreed that this paper should be a part of the lease itself; and, further, verbally agreed that the repairs specified in it should be made by the landlord, and that this further verbal agreement should also be a part of the lease.

When parties have deliberately put their mutual engagements in writing, in such language as imports a legal obligation, it is only reasonable to presume that they have introduced into the written instrument every material term and condition; and, consequently, proof by oral testimony of declarations made by either party during their negotiations, or at the time of the execution of the written contract, will not be received either to contradict its provisions or to supply terms with respect to which the writing is silent. *Crane* v. *Elizabeth Library Association,* 5 *Dutcher* 302; *Naumberg* v. *Young,* 15 *Vroom* 338. This rule of the common law, as was said by Justice Depue in the case last cited, may be traced back to a remote antiquity. It is a rule (he continues) founded on the obvious injustice that would result if matters in writing, made on consideration and intended, finally, to embody the entire agreement between the parties, were to be controlled by what Lord Coke expressively calls "the uncertain testimony of slippery memory." Counsel for plaintiff in error, while admitting this rule to be entirely settled, contends that it does not apply in the present case, for the reason that the offered evidence did not vary the terms of a written instrument, but showed an agreement which was collateral to that to which the original contract related. But, to quote again from Naumberg *v.* Young (at *p.* 341): "This salutary rule of evidence, which is indispensable to the security of contracting parties, cannot be maintained in its integrity in the admission of oral testimony in relation to matters which, in a general sense, might be considered as collateral to the contract. An exception of such a compass

would, in a great variety of cases, entirely displace the rule and make it of little value. For instance, in contracts of letting, the usual covenants—such as for repairs and improvements, and the like—are all collateral to the demise of the land, and if oral testimony be received to prove the agreements of the landlord or tenant on such subjects the written lease would be of little avail. To justify, the admission of a parol promise by one of the contracting parties to a written contract on the ground that the promise was collateral, the promise must not only be collateral, but must relate to a subject distinct from that to which the written contract applies."

" * * * Thus a covenant by the landlord to repair is, in itself, collateral to the demise of the premises, and yet a contemporaneous promise by the landlord to make repairs cannot be established by parol evidence where there is a lease in writing. *Howard* v. *Thomas, 12 Ohio St.* 201; *Cleves* v. *Willoughby, 7 Hill* 83. Where an agreement specifies only the rent and the term, but is silent as to repairs, it is obvious that such an agreement may be as completely varied by proof of an additional stipulation that the landlord shall lay out a specific sum in alterations, as by evidence that the rent shall be diminished without any stipulation as to repairs."

It is further contended that the effect of the offered testimony was not to alter or vary the contents of the lease, but to show that the typewritten paper, and the promise of the landlord to make the repairs which were specified in it, were a part thereof; and the argument is that when the writing contains only a part of the contract between the parties, parol evidence is admissible to supply such portions of the agreement as are not contained in the writing. But evidence for such a purpose is only admissible when it appears that the original contract does not contain the complete agreement of the parties to it.

"If the instrument," says Chief Justice Erle, in *Lindley* v. *Lacey,* 17 *C. B.* (*N. S.*) 578, "shows that it was meant to contain the whole bargain between the parties, no extrinsic

evidence shall be admitted to introduce a term which does not appear there." There is nothing in the lease now before us which suggests that it does not contain "the whole bargain between the parties." It contains no reference to the paper now claimed to be a part of it and no intimation that the landlord assumed any other obligation than those therein recited. "It cannot be assumed," to once more quote from the opinion in Naumberg v. Young (at p. 339), "that the written contract was designed as an imperfect expression of the parties' agreement from the mere fact that the written agreement contains nothing on the subject to which the parol evidence is directed. On that assumption that part of the rule which excludes parol proof as a means of adding to the written contract would be entirely abrogated. And to permit the parties to lay the foundation for such parol evidence by oral testimony that they agreed that a part only of their contract should be included in the written agreement would open the door to the very evil against which the rule was designed to protect." The offer to show by parol testimony that at the time of the execution of the lease in question the parties thereto verbally agreed that the repairs specified in the typewritten memorandum should be made by the plaintiff, and that such verbal agreement, as well as the typewritten memorandum, should be a part of the lease itself, was properly excluded.

The other matters discussed by counsel for plaintiff in error in his brief are not raised by any assignment of error, and therefore have not received consideration at our hands.

The judgment under review should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, GARRETSON, PITNEY, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY. 10.

*For reversal*—DIXON, SWAYZE. 2.